UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF THE TREASURY,<br>1500 Pennsylvania Avenue NW<br>Washington, DC 20220<br><br>*and*<br><br>INTERNAL REVENUE SERVICE,<br>1111 Constitution Avenue NW<br>Washington, DC 20224<br><br>*Defendants*. | Case No. 22-cv-3516 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of the Treasury and the Internal Revenue Service under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

1

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agencies from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of the Treasury ("Treasury") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury—through its component Internal Revenue Service—has possession, custody, and control of records that American Oversight seeks.

7. Defendant Internal Revenue Service ("IRS") is a bureau of Treasury and is headquartered in Washington, DC. The IRS is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The IRS has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

8. On July 26, 2022, American Oversight submitted a FOIA request to the IRS, bearing internal tracking number IRS-22-0750, seeking the following records:

> All email communications (including emails, email attachments, complete email chains, and calendar invitations) <u>sent or received</u> by any political appointee* at IRS containing either of the following key terms:
>
> a. Comey
> b. McCabe
>
> *"Political appointee" should be understood to mean any person who is or was a Presidential Appointee with Senate Confirmation (PAS), a Presidential Appointee (PA), a Non-Career Senior Executive Service (SES) employee, a Schedule C employee, or any person hired under a Temporary Non-Career SES Appointment, Limited Term SES Appointment, or Temporary Transitional Schedule C Appointment.
>
> Please note that American Oversight does not seek, and that this request specifically <u>excludes</u>, the <u>initial</u> mailing of news clips or other mass-distribution emails. However, subsequent communications forwarding such emails <u>are</u> responsive to this request. In other words, for example, if a political appointee received a mass-distribution news clip email referencing "Comey," that initial email would <u>not</u> be responsive to this request. However, if the political appointee forwarded that email to another individual with his own commentary, that subsequent message would be responsive to this request and should be produced.

9. The FOIA request asked for "all responsive records from January 20, 2017, through October 10, 2021."

10. By letter dated August 19, 2022, the IRS acknowledged receipt of the FOIA request. The letter bore an agency case number of 2022-20002.

11. In the August 19, 2022 letter, the IRS indicated that it needed additional time to "[s]earch for and, to the extent that records exist, collect requested records from other locations" and to "[c]onsult with another agency and/or two or more Treasury components," but further noted that even the ten-day statutory extension to September 7, 2022, would not be enough time

3

for the agency to provide a response. The IRS wrote that it "expect[ed] to complete [American Oversight's] request by October 11, 2022."

12. On October 7, 2022, the IRS sent a second letter to American Oversight, which stated that the IRS "need[ed] additional time to search for documents responsive to [the] request" and that the agency now "expect[ed] to complete [the] request by January 10, 2023."

13. The October 7, 2022 letter further stated that American Oversight "ha[d] the right to file suit for a judicial review . . . after September 7, 2022."

14. As of the date of this Complaint, American Oversight has not received any further communication from the IRS regarding this FOIA request.

*Exhaustion of Administrative Remedies*

15. As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of a final determination regarding American Oversight's FOIA request, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

16. Through Defendants' failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

17. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

18. American Oversight properly requested records within the possession, custody, and control of Defendants.

19. Defendants are agencies subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

20. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA request.

21. Defendants' failure to conduct an adequate search for responsive records violates FOIA and applicable regulations.

22. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

23. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24. American Oversight properly requested records within the possession, custody, and control of Defendants.

25. Defendants are agencies subject to FOIA, and they must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

26. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA request.

27. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA request.

28. Defendants' failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

29. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA request;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: November 17, 2022									Respectfully submitted,

											/s/ Taylor Stoneman
											Taylor Stoneman
											D.C. Bar No. 888155721
											AMERICAN OVERSIGHT
											1030 15th Street NW, B255
											Washington, DC 20005
											(202) 848-1319
											taylor.stoneman@americanoversight.org

											*Counsel for Plaintiff*